# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : Hon. Steven C. Mannion |
| v. | : Mag. No. 15-6202 |
| **PHILLIP A. EDWARDS** | : **CRIMINAL COMPLAINT** |

I, Chris Granato, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Enforcement Office Investigator with U.S. Customs & Border Protection, and that this Complaint is based on the following facts:

SEE ATTACHMENT B

continued on the attached page and made a part hereof.

Christopher J. Granato
Enforcement Officer Investigator
Department of Homeland Security
U. S. Customs and Border Protection

Sworn to before me and subscribed in my presence,
on September 14, 2015 at Newark, New Jersey

HONORABLE STEVEN C. MANNION
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

## COUNT ONE
**(Illegal Re-Entry to United States)**

On or about September 1, 2015, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

PHILLIP A. EDWARDS,

being an alien who was deported and removed and had departed the United States while an order of deportation and removal was outstanding subsequent to his conviction for the commission of at least one aggravated felony, namely, conspiracy to distribute heroin, in violation of 21 U.S.C. § 846; distribution of heroin, in violation of 21 U.S.C. § 841; and money laundering, in violation of 18 U.S.C. § 1956; and thereafter, without the express consent of the Secretary of Homeland Security of the United States to reapply for admission prior to his reembarkation at a place outside the United States, knowingly and voluntarily entered, attempted to enter, and was found in the United States.

In violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(2).

**ATTACHMENT B**

   I, Christopher J. Granato, am an Enforcement Officer Investigator with the Department of Homeland Security, U.S. Customs and Border Protection. I have knowledge of the following facts based upon both my investigation and discussions with other law enforcement personnel and others. Because this affidavit is being submitted for the sole purpose of establishing probable cause to support the issuance of a complaint, I have not included each and every fact known to the government concerning this matter. Where statements of others are set forth herein, these statements are related in substance and in part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

   1. Defendant PHILLIP A. EDWARDS ("EDWARDS"), is a native and citizen of the United Kingdom, and is not a citizen or national of the United States.

   2. On or about June 10, 1996, EDWARDS was convicted in Massachusetts of: conspiracy to distribute heroin, in violation of 21 U.S.C. § 846; distribution of heroin, in violation of 21 U.S.C. 841; and money laundering, in violation of 18 U.S.C. § 1956; for which he was sentenced to 60 months imprisonment. Each of these convictions constitutes an aggravated felony as defined in Title 8, United States Code, Section 1101(a)(43)(B).

   3. Subsequent to these convictions, on or about October 28, 1999, EDWARDS was ordered removed from the United States to the United Kingdom by an Immigration Judge sitting in Boston, Massachusetts.

   4. On or about November 18, 1999, EDWARDS was deported and removed from the United States to the United Kingdom; and had departed the United States while an order of deportation and removal was outstanding. Shortly before EDWARDS' removal from the United States in 1999, an official from U.S. Immigration & Customs Enforcement ("ICE") took a fingerprint from EDWARDS.

   5. At some point after his 1999 removal, EDWARDS returned to the United States.

6. On or about November 11, 2003, EDWARDS was encountered by Massachusetts state police and his prior removal order was reinstated. On or about December 18, 2003, EDWARDS, once again, was deported and removed from the United States to the United Kingdom and had departed the United States while an order of deportation and removal was outstanding. Shortly before EDWARDS' removal from the United States in 2003, an official from ICE took a fingerprint from EDWARDS.

7. At some point after his 2003 removal, EDWARDS again returned to the United States.

8. On or about August 25, 2010, EDWARDS was issued a restraining order by the Quincy Police Department. A routine check revealed EDWARDS' deportation status. On or about August 26, 2010, his prior removal order was reinstated. On or about February 14, 2011, EDWARDS pleaded guilty to illegal reentry. On or about May 7, 2013, EDWARDS was – once again - deported and removed from the United States to the United Kingdom and had departed the United States while an order of deportation and removal was outstanding. Shortly before EDWARDS' removal from the United States in 2013, an official from ICE took a fingerprint from EDWARDS.

9. On or about September 1, 2015, EDWARDS arrived at Newark Liberty International Airport. He presented a fraudulent United Kingdom passport and subsequently was identified as EDWARDS through fingerprint analysis.

10. Fingerprints taken from EDWARDS pursuant to his detention on September 1, 2015 were compared to the fingerprints from the 1999 deportation records of EDWARDS and found to be identical.

11. Prior to EDWARDS' reentry into the United States, the Secretary of Homeland Security did not consent to EDWARDS reentering the United States. EDWARDS also did not receive a waiver allowing him to reenter the United States.